IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01115-ZLW-MEH

RONALD J. NAGIM

    Plaintiffs,

v.

STATE OF LOUISIANA,
LOUISIANA STATE UNIVERSITY,
DOUGLAS MOREAUX,
BONNIE JACKSON,
STEPHEN PUGH,
BRANDON FREEMAN,
STEPHEN M. IRVING,
JOSEPH E. JR. AND SANDRA HOYT ABRAHAM,
ALICIA PELLERGRIN,
JOSEPH E. ABRAHAM III,

    Defendants.

ORDER OF DISMISSAL

Plaintiff initiated this action by filing *pro se* a "Complaint For Intentional And Negligent Emotional Distress, Violations Of Constitutional And Civil Rights." The Court must construe the complaint liberally because Plaintiff is representing himself.[1] Therefore, the complaint is held to standards less stringent than those governing a formal pleading drafted by lawyers.[2] However, the Court should not be the *pro se*

---

[1] See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] See Hall, 935 F.2d at 1110.

litigant's advocate.[3]  For the reasons stated below, the complaint and the action will be dismissed.

Plaintiff alleges that Defendants engaged in various wrongful acts stemming from his prosecution in the "19th Judicial Court" in Baton Rouge, Louisiana.  It appears, based on the title of the complaint, that Plaintiff is intending to assert both federal and state claims.  However, Plaintiff fails to state his claims clearly, and does not set forth facts sufficient to show that he is entitled to legal relief, as required by Fed. R. Civ. P. 8.

Whatever claims are being asserted against Defendants, it is clear that venue in this Court is not proper.

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided in law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.[4]

All of the Defendants reside in Louisiana.  It appears that all of the events that gave rise to the instant action occurred in Louisiana.  There is no allegation that any events giving rise to the instant action occurred in Colorado.  Therefore, venue is not proper in this Court.

Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest

---

[3]  See Hall, 935 F.2d at 1110.

[4]  28 U.S.C. § 1391(b).

2

of justice, transfer such case to any district or division in which it could have been brought." *Sua sponte* dismissal based on improper venue is appropriate where, as here, "the defense is obvious from the face of the complaint and no further factual record is required to be developed."[5] Further, because Plaintiff has failed to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, as discussed above, it is not in the interest of justice to transfer this case to another court. Accordingly, it is

      ORDERED that the complaint and the action are dismissed without prejudice for improper venue.

      DATED at Denver, Colorado, this __6th__ day of June, 2008.

                                BY THE COURT:

                                ZITA L. WEINSHIENK, Senior Judge
                                United States District Court

---

[5] Trujillo v. Williams, 465 F.3d 1210, 1217 (10th Cir. 2006).